MICHAEL BARNES (SBN 121314)
michael.barnes@dentons.com
ANDREA M. HALL (SBN 317491)
andrea.hall@dentons.com
SHAWN L. KELLY (pro hac vice)
shawn.kelly@dentons.com
JONATHAN D. HENRY (pro hac vice)
jonathan.henry@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, California 94612
Telephone: 415 882 5000
Facsimile: 415 882 0300

Attorneys for Defendant and Counter-Plaintiff
MAIDEN REINSURANCE NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY, a California corporation, EAGLE WEST INSURANCE COMPANY, a California corporation, MONTEREY INSURANCE COMPANY, a California corporation, and NEVADA CAPITAL INSURANCE COMPANY, a Nevada corporation<br><br>Plaintiffs,<br>v.<br><br>MAIDEN REINSURANCE NORTH AMERICA, INC., a Missouri corporation, ENSTAR INSURANCE GROUP, a Bermuda entity, and DOES 1 through 10,<br><br>Defendants. | Case No. 2:20-cv-01264-PSG-JPR<br><br>Hon. Philip S. Gutierrez<br><br>**NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 2 OF MAIDEN REINSURANCE NORTH AMERICA, INC. TO EXCLUDE EVIDENCE REGARDING OPINIONS OF OUTSIDE COUNSEL**<br><br>Trial Date: January 25, 2024<br>Time: 9:00 a.m.<br>Place: Courtroom 6A |

| | |
|---|---|
| 1 | MAIDEN REINSURANCE NORTH AMERICA, INC., a Missouri corporation, |
| 2 | |
| 3 | Counter-plaintiff, |
| 4 | v. |
| 5 | CALIFORNIA CAPITAL INSURANCE COMPANY, a California corporation, EAGLE WEST INSURANCE COMPANY, a California corporation, MONTEREY INSURANCE COMPANY, a California corporation, and NEVADA CAPITAL INSURANCE COMPANY, a Nevada corporation, |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | Counter-defendants. |

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612
(415) 882-5000

Case No. 2:20-cv-01264-PSG   DEFENDANT'S MOTION IN *LIMINE* NO. 2 TO EXCLUDE EVIDENCE REGARDING OPINIONS OF OUTSIDE COUNSEL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on January 25, 2024, or as soon as the matter may otherwise be heard before the Honorable Philip S. Gutierrez in Courtroom 6A of the United States Courthouse, located on the 6th floor of 350 West 1st Street in Los Angeles, California, defendant-counter plaintiff Maiden Reinsurance North America ("Maiden") will and hereby does move for an order precluding plaintiffs-counter defendants California Capital Insurance Company, Eagle West Insurance Company, Monterey Insurance Company, and Nevada Capital Insurance Company (collectively, "CIG") from introducing evidence or argument regarding the opinions of outside counsel on the allocation of multiyear habitability losses as briefly summarized in 2018 e-mails from former Maiden employee, Michael Kurtis.

This evidence should be excluded based on improper hearsay within hearsay, lack of personal knowledge and that the probative value of such testimony is substantially outweighed by the danger of unfair prejudice and confusion of the issues. This motion is brought under Federal Rules of Evidence 403, 602, 801, 802 and 805. This motion is based upon the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter. This motion is made following the conference of counsel on December 8, 2023, where counsel for CIG confirmed that it intends to offer into evidence the summaries described above.

Dated: December 11, 2023    DENTONS US LLP

By  */s/ Jonathan Henry*
    JONATHAN HENRY

Attorneys for Defendant and Counter-Plaintiff
MAIDEN REINSURANCE NORTH AMERICA. INC.

Case No. 2:20-cv-01264-PSG  1  DEFENDANT'S MOTION IN *LIMINE* NO. 2
TO EXCLUDE EVIDENCE REGARDING
OPINIONS OF OUTSIDE COUNSEL

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................ 1

II. BACKGROUND .......................................................................................... 2

III. THE COURT SHOULD EXCLUDE EVIDENCE REGARDING THE OPINIONS OF OUTSIDE COUNSEL ........................................................... 3

    A. The Statements Are Hearsay ................................................................ 3

    B. The Statements Lack Foundation .......................................................... 4

    C. The Statements Are Confusing And Prejudicial .................................... 5

IV. CONCLUSION ............................................................................................ 7

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612
(415) 882-5000

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Atain Specialty Ins. Co. v. Sierra Pacific Mgmt. Co.*,
  725 Fed. App'x. 557 (9th Cir. 2018) ......................................................... 2, 3, 5

*Cleveland v. Groceryworks.com, LLC*,
  200 F. Supp. 3d 924 (N.D. Cal. 2016) ............................................................. 4

*Evangelista v. Inlandboatmen's Union of Pac.*,
  777 F.2d 1390 (9th Cir. 1985) ......................................................................... 4

*Fredianelli v. Jenkins*,
  931 F. Supp. 2d 1001 (N.D. Cal. 2013) .......................................................... 4

*Los Angeles Times Commc'ns, LLC v. Dep't of Army*,
  442 F. Supp. 2d 880 (C.D. Cal. 2006) ............................................................. 4

*Nationwide Transp. Fin. v. Cass Info. Sys.*,
  523 F.3d 1051 (9th Cir. 2008) ......................................................................... 6

*Payne v. Pauley*,
  337 F.3d 767 (7th Cir. 2003) ........................................................................... 4

*Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc.*,
  875 F.2d 1369 (9th Cir. 1989) ......................................................................... 6

*United States v. Crawford*,
  239 F.3d 1086 (9th Cir. 2001) ......................................................................... 4

*United States v. Davis*,
  792 F.2d 1299 (5th Cir. 1986) ......................................................................... 4

*Williams v. Hughes Helicopters, Inc.*,
  806 F.2d 1387 (9th Cir. 1986) ......................................................................... 6

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612
(415) 882-5000

Case No. 2:20-cv-01264-PSG        ii        DEFENDANT'S MOTION IN *LIMINE* NO. 2 TO EXCLUDE EVIDENCE REGARDING OPINIONS OF OUTSIDE COUNSEL

**Other Authorities**

Federal Rules of Evidence
    Rule 403 ................................................................................................... 1, 5, 6
    Rule 602 ...................................................................................................... 1, 4
    Rule 801 ...................................................................................................... 1, 3
    Rule 802 ............................................................................................................ 1
    Rule 805 ............................................................................................................ 1

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612
(415) 882-5000

Case No. 2:20-cv-01264-PSG      iii      DEFENDANT'S MOTION IN *LIMINE* NO. 2 TO EXCLUDE EVIDENCE REGARDING OPINIONS OF OUTSIDE COUNSEL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This dispute concerns the interpretation of the reinsurance agreements between CIG and Maiden – specifically whether those agreements require CIG to take either one or multiple retentions when an underlying habitability claim implicates more than one of CIG's insurance policies. The Court has determined that questions of fact exist as to the parties' course of dealing and as to CIG's defenses of waiver and estoppel. (*See generally* Declaration of Jonathan D. Henry ("Henry Decl."), Ex. 1.) Per the Court's ruling on summary judgment, the jury must resolve these questions of fact after considering the reinsurance agreements and the objective manifestations of the parties' intent, including course of dealing evidence.

During the course of the underlying dispute, Maiden obtained legal opinions from outside counsel. As described more completely in prior discovery motion practice, Maiden inadvertently produced in this litigation one and two-sentence summaries prepared by a former employee, Michael Kurtis, that he included in certain Large Loss Notices. (*See* Henry Decl., Ex. 2.; Dkt No. 72.) The Court rejected Maiden's attempt to clawback those summaries and Maiden does not contest that ruling now – but Maiden never produced the underlying opinions themselves. In fact, CIG never even sought their production or bothered to depose Kurtis. Moreover, Kurtis will not be a witness at trial.

At trial, CIG will attempt to introduce the summaries in the Large Loss Notices into evidence to suggest outside counsel's legal opinions – can stand in for the jurors' own consideration of the factual issues. This should not be permitted. The statements are plainly hearsay or double hearsay and lack foundation. CIG intends to use these statements to mislead and confuse the jury, encouraging it to substitute outside counsel's *legal* opinion for its own *factual* determinations regarding the parties' course of dealing. Accordingly, the Court should exclude

this evidence.

## II. BACKGROUND

Between 2002 and 2016, Maiden reinsured CIG under several excess of loss reinsurance agreements, or treaties. (Henry Decl., Ex. 1, pp. 1-2.) Around 2013, CIG submitted a habitability claim to Maiden known as the Lee or Feathers claim. (Henry Decl., Ex. 1, pp. 3-4.) CIG's insured owned a building where pigeons had allegedly roosted in the HVAC system for several years. A tenant in the building sued CIG's insured for her injuries, and CIG settled the claim for $1.9 million. (Henry Decl., Ex. 1, p. 21.) Even though the injuries had occurred over many years and triggered several of CIG's policies, CIG billed the loss as a single occurrence subject to a single retention in a single treaty year. Maiden disputed this allocation. Over the following year, Maiden and CIG negotiated the claim. Maiden eventually agreed to pay CIG $900,000 *ex gratia* – i.e., as not required by the treaty – notwithstanding Maiden's position that such an allocation was unwarranted under the agreements. (Henry Decl., Ex. 1, p. 22.)

CIG continued submitting similar multi-year claims to Maiden over the following years, assuring Maiden that the courts would eventually vindicate its allocations and its policies' antistacking language in the litigation related to the Lee claim, *Atain Specialty Ins. Co. v. Sierra Pacific Mgmt. Co.*, 725 Fed. App'x. 557 (9th Cir. 2018). Although Maiden paid several similar habitability claims while the *Atain* decision was pending, Maiden did so under a reservation of rights because CIG's chances of success in *Atain* remained suspect. The Ninth Circuit ultimately vindicated Maiden's position, affirming that the limits of CIG's policies must stack – and so a loss in excess of one policy limit cannot be submitted to a single policy/treaty year.

Throughout this time period, while the *Atain* case made its way through the courts and thereafter, Maiden sought the opinions of outside counsel concerning CIG's allocation. Maiden's Michael Kurtis briefly summarized one such opinion

in May 2018 in connection with two habitability claims, stating:

> We have consulted with outside counsel who opined that CIG's presentation of a multi-year habitability loss as a single occurrence in one treaty year is supported by California case law, especially where (as here) CIG settles a claim within a single policy limit. As such, we have concluded that it is appropriate for CIG to present this claim to Maiden as a single occurrence under the 2014 treaty.

(Henry Decl., Exs. 3, 4 , and 5.) In June 2018, Kurtis further stated in connection with a different habitability claim that Maiden intended to seek a supplemental opinion from outside counsel in light of the *Atain* ruling:

> We continue to discuss with CIG that it is Maiden's view that a multi-year loss such as this should properly be allocated to the policy years during which the injury/damage occurred; **we are seeking a supplemental coverage opinion from outside counsel in this regard in light of the recent court ruling that CIG's policy limits for each year during which injury or damages occurred can be stacked**. In light of the prior opinion from outside counsel that CIG's single-year presentation is correct under California law, we will put up the full amount under the 2013 year.

(Henry Decl., Exs. 6 and 7.(emphasis added).) CIG has never sought to depose Kurtis in this action, nor will he be a witness at trial.

### III. THE COURT SHOULD EXCLUDE EVIDENCE REGARDING THE OPINIONS OF OUTSIDE COUNSEL

#### A. The Statements Are Hearsay

The statements in the Large Loss Notices are textbook hearsay – statements "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter" to which no exception applies. Fed. R. Evid. 801. In fact, they are hearsay within hearsay if CIG intends to offer these statements for the truth of the matter asserted – which appears to be the case.

CIG apparently intends to introduce the Kurtis statements to show both that outside counsel offered those opinions and to show that California law supports CIG's allocations. That is inadmissible. *Los Angeles Times Commc'ns, LLC v. Dep't of Army*, 442 F. Supp. 2d 880, 888 (C.D. Cal. 2006) ("statement is clearly hearsay because [declarant] states what someone else told him about the availability of [reports.]"); *Fredianelli v. Jenkins*, 931 F. Supp. 2d 1001, 1009 (N.D. Cal. 2013) (statements recounting third parties' supposed intention to enter into a contract was hearsay and could not be used as evidence for the truth of the matters asserted.) The statements do not qualify for any exceptions. As legal conclusions, they are not admissible as party admissions. *See Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (opinion of union chairman as to correct construction of collective bargaining agreement was not a party admission because it was a legal conclusion). The statements must be excluded as hearsay.

### B.  The Statements Lack Foundation.

Under Federal Rule of Evidence 602, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *See also Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) ("testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter.") Personal knowledge does not include inferences and opinions substantiated by "flights of fancy, speculations, hunches, intuitions or rumors." *Id.* (citing *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003)). Nor can a lay witness testify as to matters which call for a legal conclusion, such as the "correct" interpretation and effect of a contract. *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001). A party offering evidence bears the burden of laying a proper foundation for that evidence. *United States v. Davis*, 792 F.2d 1299, 1303 (5th Cir. 1986).

Here, CIG cannot lay a proper foundation for at least two reasons. First, CIG has never sought and Maiden has never produced the underlying opinions of outside counsel in discovery.[1] Maiden withheld them as privileged. Because the opinions themselves cannot be introduced into evidence, CIG cannot lay a foundation as to the content of the opinions themselves.

Second, CIG never deposed Kurtis, and he will not be a witness at trial. Without Kurtis, there is no witness with personal knowledge of his summary of counsel's opinion. Nothing in the documents even demonstrates that Kurtis personally reviewed the opinions of outside counsel or otherwise had personal knowledge of them. He states that "**[w]e** [i.e., Maiden] have consulted with outside counsel," not that he personally reviewed them, and again that "**we** are seeking a supplemental coverage opinion."

Thus, the statements are inadmissible.

### C. The Statements Are Confusing And Prejudicial.

A court may exclude relevant evidence "if its probative value is substantially outweighed by . . . confusion of the issues or misleading the jury." Fed. R. Evid. 403. The alleged opinions of outside counsel, whether before or after the *Atain* decision, whether favorable or unfavorable to Maiden, cannot substitute for the jury's own weighing of the evidence of the parties' intent and conduct. This Court has already held as much in its order denying the parties' motions for summary judgment. CIG should not be allowed to introduce the statements to create a collateral issue and suggest to the jury that counsel's opinion was the correct and the final word on the parties' obligations under the agreements.

---

[1] In the prior discovery dispute, CIG only sought to determine the privilege of Kurtis' statements. In making that motion, CIG argued that Maiden had sent the underlying opinions of outside counsel to its new affiliates – and so waived privilege over Kurtis' statements as a "subject matter" waiver. Maiden countered that it had done so pursuant to a confidentiality agreement in order to apprise its new affiliates of pending disputes with CIG. (*See* Henry Decl., Ex. 2; Dkt. No. 72.) The court rejected CIG's argument and agreed with Maiden. But, regardless, CIG never sought to compel the production of the opinions themselves.

The statements are, at best, "somewhat cumulative and modestly probative" of the parties' intentions regarding the allocation of multiyear losses. *Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc.*, 875 F.2d 1369, 1380 (9th Cir. 1989) (affirming exclusion of "ambiguous" evidence for which the plaintiff had a "less-than-compelling need" because of its potential to skew the jury's analysis); *see also Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1059 (9th Cir. 2008) (expert's "legal conclusions not only invaded the province of the trial judge, but constituted erroneous statements of law," and were thus correctly excluded.)

Indeed, the Ninth Circuit has affirmed the exclusion of internal legal opinions for similar reasons. In *Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387 (9th Cir. 1986), former pilots sued their employer for discrimination. During discovery, the employer produced two internal legal memoranda analyzing its defenses to the claims. *Id.* at 1392. The district court granted the employer's motion to exclude, and the Ninth Circuit affirmed. *Id.* It found because "the document[s] addressed legal issues, there was strong potential for a jury to ignore the court's instruction on the law and place too much weight on the memoranda." *Id.*

Here, the facts are even more compelling. In *Williams*, the court excluded entire legal memoranda which presumably included an accurate and detailed assessment of the parties' claims. Here, the issue concerns a sentence or two in larger documents that reflect only a tiny facet of the larger legal dispute – and even indicate that there are further legal opinions to come.

The statements might tempt the jury to rely on their very brief summary of counsel's opinion rather than the Court's instructions and their own assessment. The statements' value to explaining the parties' intentions regarding allocation does not outweigh that risk. The statements must be excluded under Federal Rule of Evidence 403.

## IV. CONCLUSION

In sum, the 2018 statements are hearsay within hearsay for which CIG has laid no foundation and that risk suggesting to the jury that outside counsel's analysis can substitute for their own. Maiden respectfully asks the Court to grant its motion *in limine* to bar CIG from introducing evidence of the opinions of outside counsel.

Dated:  December 11, 2023

DENTONS US LLP

By   */s/ Jonathan Henry*
       JONATHAN HENRY

Attorneys for Defendant and Counter-Plaintiff
MAIDEN REINSURANCE NORTH AMERICA. INC.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612
(415) 882-5000

Case No. 2:20-cv-01264-PSG        7        DEFENDANT'S MOTION IN *LIMINE* NO. 2
TO EXCLUDE EVIDENCE REGARDING
OPINIONS OF OUTSIDE COUNSEL